UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO RAMIREZ URIQUIZO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:12-cv-01908- JLT<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 30) |

　　　　The Law Offices of Lawrence D. Rohlfing, counsel for Plaintiff Sergio Ramirez Uriquizo, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 30) Neither Plaintiff nor Defendant filed a response to the motion. For the following reasons, the motion for attorney fees is **GRANTED**.

**I.　　Relevant Background**

　　　　Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing on June 21, 2011, which provided Plaintiff would pay "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (Doc. 30-1 at 1, emphasis omitted)

　　　　On November 21, 2012, Plaintiff filed a complaint for review of the administrative decision denying his Social Security benefits. (Doc. 1) The Court determined the administrative law judge erred in the evaluation of the medical evidence and failed to identify legally sufficient reasons to reject limitations identified by Plaintiff's treating physician, which were intertwined with the testimony of

1

the vocational expert who opined an individual with the limitations assessed would not be able to perform work in the national economy. (Doc. 24 at 13-15) Therefore, the Court remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 16) Following the entry of judgment in favor of Plaintiff (Doc. 25), the Court awarded $6,460.00 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 29)

Upon remand, the Appeals Council determined Plaintiff was "disabled as of October 6, 2009, the date he turned age 50." (Doc. 30-2 at 7) The Commissioner concluded Plaintiff was "entitled to monthly disability benefits from Social Security beginning April 2010." (Doc. 30-3 at 2) Accordingly, Plaintiff was entitled to past due benefits totaling $64,268.00. (Doc. 30 at 4)

## II.   Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

## III.   Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded retroactive benefits. The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation and expended a total of 41.4 hours while representing Plaintiff in this matter. (Doc. 30 at 8, Rohlfing Decl. ¶ 5) As a result of counsel's work to remand the action to an administrative law judge, Plaintiff ultimately received an award of benefits for disability. For this, the Law Offices of Lawrence D. Rohlfing requests a fee of $16,000.00. (Doc. 30 at 1) Because $6,400.00 was paid under the EAJA, the net cost to Plaintiff is $9,600.00. (*Id.* at 7) This amount does not exceed twenty-five percent of the retroactive benefits.

Finally, although served with the motion (Doc. 30 at 10), Plaintiff did not file an opposition, and thereby indicates his belief that the fee request is reasonable.

## IV.     Conclusion and Order

The fees sought by the Law Offices of Lawrence D. Rohlfing are reasonable in light of the number of hours expended in this action, and not in excess of the twenty-five percent maximum permitted under 42 U.S.C. §406(b). In addition, there is no indication Counsel performed in a substandard manner or engaged in severe dilatory conduct in the course of their representation to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure an award of benefits following the Court's remand.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $16,000.00 is **GRANTED**;
2. The Commissioner shall pay the amount directly to the Law Offices of Lawrence D. Rohlfing; and
3. Counsel **SHALL** refund $6,400.00 to Plaintiff Sergio Ramirez Uriquizo.

IT IS SO ORDERED.

Dated:   **October 20, 2016**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

3